UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | Case No.: 3:21-CR-104 |
|---|---|
| v. | Judges Crytzer / Guyton |
| DOMINIC BROWN | |

## PLEA AGREEMENT

The United States of America, by the Acting United States Attorney for the Eastern District of Tennessee, and the defendant, Dominic Brown, and the defendant's attorney, Douglas Nanney, have agreed upon the following:

1. The defendant will waive indictment and arraignment and plead guilty to an information charging the defendant with the following offense:

    (a) Count 1. Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(3).

    The punishment for this offense is as follows. A term of imprisonment for up to 10 years, a term of supervised release for up to 3 years, a fine of up to $250,000, a mandatory special assessment of $100, and forfeiture and restitution, as appropriate.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the indictment against the defendant in case number 3:20-CR-55.

3. The defendant has read the information, discussed the charge and possible defenses with defense counsel, and understands the crime charged. Specifically, the elements of the offense are as follows:

    (a) Count 1: Possession of a Firearm by a Prohibited Person

>    i. The defendant knowingly possessed the firearm as charged;
>
>    ii. At the time he possessed the firearm, the defendant was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802;
>
>    iii. The defendant knew that he was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802; and
>
>    iv. The possession of the firearm was in or affecting commerce.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

> (a) On or about April 28, 2021, the United States Marshals Service ("USMS") executed an arrest warrant for the defendant at the defendant's known residence for alleged violations of the terms of the defendant's pretrial release. While executing the arrest, the USMS observed an extended firearm magazine sticking out from between the mattress and the box springs of the defendant's bed. The firearm was identified as a Glock 9mm pistol. USMS left the firearm on the on the bed in the defendant's bedroom and secured the room for a potential search.
>
> (b) Special Agent Thomas Waggoner of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") arrived at the scene and advised the defendant of his *Miranda* rights. Thereafter, the defendant stated that he used marijuana daily. The defendant then provided consent to search his residence.
>
> (c) During the search of the defendant's residence, SA Waggoner detected the strong order of marijuana coming from the defendant's room. While in the defendant's room, SA

2

Waggoner observed marijuana, packaging, and other paraphernalia in plain view on the desk. SA Waggoner then recovered the Glock 17, 9mm pistol from the defendant's bed. The pistol was loaded with a 31 round 9mm magazine and 5 rounds of assorted 9mm ammunition. SA Waggoner also located other items including firearm parts/attachments located in the desk drawer with a piece of paper with the defendant's name written on it, a red iPhone with the defendant's Tennessee identification located in the phone case, a black iPhone, marijuana/marijuana packaging and other drug paraphernalia.

    (d)    On May 5, 2021, ATF Special Agent Jason Dobbs examined the firearm recovered from the defendant's room and determined that the firearm affected interstate commerce and was manufactured outside of Tennessee.

5.    The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    (a)    the right to be indicted by the grand jury for this crime;

    (b)    the right to plead not guilty;

    (c)    the right to a speedy and public trial by jury;

    (d)    the right to assistance of counsel at trial;

    (e)    the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    (f)    the right to confront and cross-examine witnesses against the defendant;

    (g)    the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    (h)    the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Rule 11(c)(1)(B), the United States agrees to recommend a sentence at the bottom of the applicable U.S. Sentencing Guidelines range with respect to Count One as determined by the Court following receipt of the Presentence Investigation Report. If the applicable U.S. Sentencing Guidelines range as determined by the Court is in Zone C of the Sentencing Table, the United States further agrees to recommend that the Court impose a sentence pursuant to Section 5C1.1(d)(2) of the U.S. Sentencing Guidelines. The parties acknowledge that this recommendation does not bind the court. In the event the Court declines to accept this agreement, the parties will not be free to withdraw from the plea agreement, nor will the defendant be free to rescind his guilty plea.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offenses, including violations of conditions of release or the commission of any additional offenses prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

4

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the Untied States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were involved in the commission of a violation of Title 18, United States Code, Section 922(g)(3). This specifically includes, but is not limited to, a Glock 17, 9mm pistol.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

10. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means

5

the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

(a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

(c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

(a) The defendant will not file a direct appeal of the defendant's conviction or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

(b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

(c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all

federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

13. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

14. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
ACTING UNITED STATES ATTORNEY

8/9/21
Date

By: /s/ Casey T. Arrowood
Casey T. Arrowood
Assistant United States Attorney

8/4/21
Date

/s/ Dominic Brown
Dominic Brown
Defendant

08/08/21
Date

/s/ Douglas Nanney
Douglas Nanney
Attorney for the Defendant

9